UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GERSON ULISES SARAVIA VIELMAN,

Petitioner,

v.

WARDEN, CENTRAL VALLEY ANNEX DETENTION FACILITY

Respondent.

No.  1:26-cv-04541-DAD-CKD (HC)

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER AS MOOT

(Doc. Nos. 1, 2)

On June 12, 2026, petitioner, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his detention by the United States Immigration and Customs Enforcement ("ICE").  (Doc. No. 1.)  That same day, petitioner filed a motion for a temporary restraining order requesting his immediate release.  (Doc. No. 2.)  Thereafter, the court set a briefing schedule as to petitioner's motion for a temporary restraining order and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided.  (Doc. No. 5.)  In addition, the court directed that if respondent opposed the court ruling on the underlying

1

habeas corpus petition based on the briefing currently before it, respondent was to indicate opposition and provide substantive reasons in support of that position. (*Id.*)

On June 17, 2026, respondent filed an opposition to the motion for temporary restraining order. (Doc. No. 6.) In that opposition, respondent argues in pertinent part that petitioner is detained pursuant to 8 U.S.C. § 1225(b) (Doc. No. 6 at 1–3), an argument which the undersigned has rejected on several prior occasions. *See Wasef v. Chestnut,* No. 1:26-cv-01078-DAD-JDP (HC), 2026 WL 392389, at *2–3 (E.D. Cal. Feb. 12, 2026). Further, respondent argues that the petition for writ of habeas corpus should be denied, which the court interprets as respondent's indication of a lack of opposition to the court ruling on the pending petition for writ of habeas corpus based on the current briefing.

Having reviewed the briefing, the court finds the following facts. Petitioner entered the United States in 2010. (Doc. No. 1 at 2.) In December 2024, petitioner encountered immigration authorities but was released. (*Id.*) On December 3, 2025, petitioner was re-detained by immigration authorities and remains in immigration detention. (Doc. No. 6-1 at 2.)

Considering petitioner's prior release, the court incorporates its reasoning in *Ayala Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025), and concludes that petitioner's re-detention violated his procedural due process rights.

Accordingly, the court concludes that petitioner's continued immigration detention violates due process.

For the reasons explained above,

 1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

  a. Respondent is ORDERED to immediately release petitioner, Gerson Ulises Saravia Vielman, A-File No. 243-007-047, from respondent's custody on the conditions, if any, he was subject to prior to his detention on or about December 3, 2025;

  b. Respondent is ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without

2

providing petitioner notice and a pre-detention hearing before an immigration judge, at which hearing respondent will bear the burden to demonstrate that petitioner poses a flight risk or danger to the community by clear and convincing evidence;

3.  Petitioner's motion for a temporary restraining order (Doc. No. 2), is hereby DENIED as having been rendered moot by this order granting his petition on the merits;

4.  The Clerk of the Court is directed to serve a copy of this order on the warden of the Central Valley Annex Detention Facility; and

5.  The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated:    **June 24, 2026**                    _____

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3